Johnson, C. J. delivered the opinion of the Court. There is but one question presented by the record in this case. The question is, did the court below err or not in dismissing the case for want of jurisdiction? The statute provides that in every suit founded on an account, a bill of the items of such account shall be filed with the justice, before any process shall be issued in the suit. “A justice’s court is a court of the lowest grade known to our constitution and laws. It possesses only a special, limited, and inferior jurisdiction, and therefore the proceedings therein, accoz’d-ing to the principle almost universally admitted, must show or set forth such facts as constitute a case within its jurisdiction; otherwise, the law regards the whole proceeding as coram non judice, and absolutely void.” Reeves vs. Clark; 5 Ark. R. 27. The act is imperative that the account which is the foundation of the action, shall be filed before the issuance of the writ. This requirement is broad as language can make it, and admits'of nó exception. We do not think proper to give any opinion at this time, as to what is necessary to constitute such a filing as is contemplated by the statute, 'as that question is not directly raised by the record. It appears affirmatively, and it is not controverted by the plaintiff, that the bill of particulars was filed subsequently to the issuance of the summons. The summons was issued on the fifth of July, and the account was not filed until the fifth of August following. It is clear that under this state of case the justice could not legally take cognizance of it, and the facts not being such as to confer jurisdiction upon the justice, it follows as a necessary consequence that the circuit court did not possess it, -and decided correctly in dismissing the case. We are therefore clearly of opinion that there is no error in the judgment of the circuit court rendered in this case. It is therefore reconsided and adjudged that the judgment of the circuit court of- Pulaski county be and the.same is hereby, in all things, affirmed. '